**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sabrina S. Masters, | No. CV-23-01354-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Copper Springs Hospital East, | |
| Defendant. | |

At issue is Defendant Copper Springs Hospital, LLC dba Copper Springs East's Motion to Dismiss (Doc. 5), to which *pro se* Plaintiff Sabrina S. Masters filed documents in an apparent attempt to respond to the Motion (Doc. 10).

Plaintiff filed a Complaint in state court naming one Defendant, Copper Springs Hospital. (Doc. 1-3 Ex. 1, Compl. at 2 of 4.) On the state court civil cover sheet, she listed seven more individual Defendants—Shauniger, Serano, Lacey, McIntyre, Novak, White, and Peterson—though none of those individuals were named as Defendants in the Complaint. (Doc. 1-3 Ex. 2, Civil Cover Sheet at 1 of 3, 3 of 3, and supplement.) According to the record, Summons were prepared for "Copper Springs Hospital East," Shauniger, Serano, Lacey, Novak, White, and Peterson, but not McIntyre. (Doc. 1-3 at 48-62.) The record also contains purported certifications of service of process prepared by the Maricopa County Sheriff's Office, suggesting service on "Copper Springs Hospital East" and the seven individuals listed in the state court civil cover sheet. (Doc. 1-3 at 63-70.) Service was attempted by delivering the Summons and Complaint to "Neil, Staff" of the law firm

representing Copper Springs Hospital, which the certificate states is "authorized to accept service" for each recipient. (*E.g.* Doc. 1-3 at 69.) Copper Springs Hospital removed this case from state court on July 11, 2023. (Doc. 1.)

To begin with, parties not named as Defendants in the Complaint are not Defendants in the lawsuit, so the only Defendant named by Plaintiff to date is Copper Springs Hospital ("Defendant"). Next, in its Motion, Defendant satisfactorily demonstrates that "Neil, Staff" at the law firm was not authorized to accept service on behalf of Defendant. Although Plaintiff filed a "Response" to Defendant's Motion, it was nonresponsive to the substance of the Motion, and the Court may therefore deem it as Plaintiff's consent to the granting of Defendant's Motion, as the Court warned it would do in its prior Order (Doc. 7). LRCiv 7.2(i). In other words, the Court finds that Plaintiff has not properly served the only Defendant thus far named in this lawsuit, Copper Springs Hospital.

Upon removing a case from state court—as Defendant properly effectuated here—a plaintiff has 90 days from the date of removal to serve the complaint and summons on unserved defendants. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011); *Wickersham v. Washington*, 2014 WL 3846094, at *2 (W.D. Wash. Aug. 5, 2014).

The Federal Rules of Civil Procedure and the Local Rules of Civil Procedure now apply to all proceedings in this case. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff must serve each Defendant in her case with the Summons and Complaint **within 90 days** from the date the case was removed from state court, unless Plaintiff obtains a waiver of service pursuant to the requirements of Fed. R. Civ. P. 4(d). If, for good reason, Plaintiff cannot serve the Summons and Complaint on a Defendant within 90 days, Plaintiff may, prior to the expiration of the 90-day period, file with the Court a request for an extension of time in which to serve the Summons and Complaint. In that request, Plaintiff should set forth the reason why Plaintiff has not accomplished service and request a specific short period of time in which to accomplish such service on any Defendant. If the Court believes Plaintiff's reason constitutes "good cause," it will authorize a brief additional period in which Plaintiff can then serve the Defendant.

If Plaintiff does not obtain an extension and any Defendant named in the Complaint is not served within 90 days, the Court is obliged, after notice to Plaintiff, to dismiss the Complaint without prejudice (meaning that the Complaint is dismissed but Plaintiff may refile the Complaint in a new action if so desired).

The only way that the Court knows that Plaintiff has served Defendant is as follows: the person who serves Defendant with the Summons and Complaint is required, according to the rules, to file an affidavit with the Court that proves that Defendant was served in compliance with Fed. R. Civ. P. 4(l). Therefore, Plaintiff needs to be sure that, prior to 90 days from the date on which Defendant removed this case, whoever serves the Summons and Complaint on each Defendant files an affidavit with this Court demonstrating that they accomplished *proper* service.

**THIS CONSTITUTES PLAINTIFF'S NOTICE UNDER RULE 4(m) THAT IF PLAINTIFF HAS NOT APPROPRIATELY SERVED ANY DEFENDANT WITHIN 90 DAYS FROM REMOVAL OF THIS CASE, THAT DEFENDANT WILL BE DISMISSED WITHOUT PREJUDICE FROM THE LAWSUIT.**

**IT IS HEREBY ORDERED** granting in part and denying in part Defendant's Motion to Dismiss (Doc. 5). The Court finds Plaintiff has not effectuated proper service on Defendant Copper Springs Hospital, LLC dba Copper Springs East, the only Defendant named in the Complaint.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate **any or all** Defendants in this matter, without further notice, that have not been served within the time required by Fed. R. Civ. P. 4(m), on **October 11, 2023**.

Dated this 8th day of August, 2023.

Honorable John J. Tuchi
United States District Judge